**Wallace MAURER, Respondent,**

v.

**Melvin KRUEGER, Defendant and Third Party Plaintiff, Respondent,**

**Waseca Mutual Insurance Company, Third Party Defendant, Appellant.**

**No. C4–84–1774.**

Court of Appeals of Minnesota.

March 5, 1985.

J. Brian O'Leary, Springfield, for Maurer.

Paul N. Muske, Springfield, for Krueger.

Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Ruth M. Harvey and Raymond C. Krause, Mankato, for Waseca Mut. Ins. Co.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Waseca Mutual Insurance Co. appeals from a judgment that the exclusion provision in a policy issued by Waseca Mutual did not preclude coverage for the injuries sustained by respondent Wallace Maurer. We affirm.

## FACTS

Respondent Melvin Krueger is a farmer and trucker in the Springfield, Minnesota area and has known respondent Wallace Maurer all his life. Over the years they have exchanged labor back and forth on their farms, and if one helped the other more during a given period, they would exchange cash. Records were kept only by

Maurer and Krueger paid Maurer only once with a business check and never listed him as an employee on any state or federal reports.

On August 26, 1981, Krueger asked Maurer to assist him in moving several feed bunks located on his property. While assisting Krueger, Maurer's hand was crushed between a feed bunk and a tractor bucket.

Krueger reported the accident to his worker's compensation carrier, Western Casualty and Surety Co. who then paid the hospital and medical bills incurred by Maurer. In order to establish a comp rate (wage base) upon which payments could be computed, Krueger devised a scheme where he would pay Maurer $500 by a company check. Maurer then cashed the check and promptly returned the money. A comp check tendered by Western to Maurer for permanent partial disability has never been cashed because Maurer decided to assert his claim against Krueger, who has a farm liability policy with appellant Waseca Mutual Insurance Co. Arrangements have been made whereby Maurer is to reimburse Western for the hospital and medical expenses it had paid on Maurer's behalf.

The farm liability policy excludes injuries that are "payable or required to be provided by the insured under any workmen's compensation * * *." Waseca Mutual argues there was an employer/employee relationship between the respondents and, therefore, the policy does not cover the injuries to Maurer.

The trial court determined that the arrangement between Maurer and Krueger is an exchange of work between farmers in the same community and, therefore, not within the Workers' Compensation Law of Minnesota.

## ISSUE

Is the arrangement between Krueger and Maurer an employer/employee relationship subject to the workers' compensation laws, thereby precluding coverage under the Waseca Mutual policy?

## ANALYSIS

Under the Worker's Compensation Act an employee cannot bring a tort action against his employer if that employer has workers' compensation insurance. Minn. Stat. § 176.031 (1982). Because Krueger carried workers' compensation coverage, the issue is whether there was an employment relationship between Krueger and Maurer.

The workers' compensation act defines "employee" as excluding "farmers or members of their family who exchange work with other farmers in the same community." Minn.Stat. § 176.011, subd. 9a (1982). Additionally, the Act "does not apply to * * farmers or members of their families exchanging work with the farmer employer or family corporation operator in the same community * * *." Minn.Stat. § 176.041 (1982).

Under the circumstances of this case, it is rather obvious that there was no employer/employee relationship, but only an exchange of labor between two farmers.

In addition, no election between a tort action and workers' compensation is possible here because such an election is only available to an *employee* when an "employer * * * fails to insure or self-insure his liability for compensation to his injured employees * * *." Minn.Stat. § 176.031 (1982). Maurer's only remedy was to maintain an action in the courts for damages on account of such injury. The initial scheme to create a situation where Maurer was to receive compensation benefits may have been improper conduct so far as Western Casualty was concerned, but in no-way does the conduct prejudice Waseca Casualty in such fashion as to permit the exclusion in the Waseca policy to apply.

## DECISION

The arrangement between Krueger and Maurer was not that of employer/employee and, therefore, not subject to the workers' compensation laws. The policy exclusion does not preclude recovery in this case.

Affirmed.